UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSE WHITE and KIMBERLY
WHITE, husband and wife,

       Plaintiff,                         Case No.:  05-CV-40018

                                            HON. PAUL V. GADOLA
vs.                                            MAG. JUDGE WALLACE CAPEL, JR.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

**I.    INTRODUCTION**

      Before the Court is Plaintiffs' "Motion For Relief of Judgment," filed October 18, 2005; Plaintiffs' "Motion to Invoke Order," filed December 9, 2005; Plaintiffs' "Motion For Emergency Stay of Judgment," filed December 12, 2005; Defendant's "Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss Complaint For Insufficiency of Service of Process Pursuant to FRCVP 12(b)(5) and Failure to State a Claim Upon Which Relief May Be Granted Pursuant to FRCVP 12(b)(6)," filed December 30, 2005; Plaintiffs' "Motion For Demand of Judgment," filed January 3, 2006; Plaintiffs' "Motion For Default Judgment," filed January 10, 2006; Plaintiffs' "Amended Motion For Demand of Judgment," filed January 20, 2006; and, "Defendant, Mortgage Electronic Registration Systems [MERS], Inc.'s Motion to Set Aside Entry of Default Pursuant to FRCVP 55(c)," filed January 31, 2006.

These Motions were referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(B)(1)(B) on January 25, 2006.  A hearing was held on February 27, 2006, and the matter is now ready for discussion.

## II.     ANALYSIS

Defendant has filed a Motion to Dismiss pursuant to Fed.RCiv.P. 12(b)(5) for insufficiency of service of process and failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6).  The undersigned finds it unnecessary to address the failure to state a claim argument because Plaintiff has failed to properly serve the Defendant.

>Fed.R.Civ.P. 4(h) states:
>
>(h) Service Upon Corporations and Associations.  Unless otherwise provided by federal law, service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name, and from which a waiver of service has not been obtained and filed, shall be effected:
>
>(1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e) (1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant, or
>(2) in a place not within any judicial district of the United States in any manner prescribed for individuals by subdivision (f) except personal delivery as provided in paragraph (2) (C) (i) thereof.

Plaintiff failed to meet the requirements of the rule because he sent the Summons and Complaint by certified mail to 3476 Stateview Blvd., Fort Mill, South Carolina.  That address apparently is for service of process on Wells Fargo.  The correct address for the registered agent of MERS is P. O. Box 2026, Flint, Michigan.  Plaintiff, therefore, served the wrong party and has not complied with the requirements of Fed.R.Civ.P. 4(h) in regard to MERS.

The Defendant's Motion to Dismiss for insufficiency of service accordingly should be granted.  Defendant also seeks to have the clerk's entry of default set aside.  This Motion should also be granted.  The Sixth Circuit has held that "due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of parties.  Therefore, if service of process was not proper, the court must set aside an entry of default."  O. J. Distributing, Inc. v. Hornell Brewing Company, Inc., 340 F.3d 345, 352 (6th Cir. 2003) (internal citations omitted).

The Court cannot address the other Motions because due process requires proper service at process for a court to have jurisdiction to adjudicate the rights of the parties.

### III.  CONCLUSION

For the reasons stated above, it is respectfully recommended that the clerk's entry of default be set aside and the Complaint be **DISMISSED** for insufficiency of service of process.

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), the parties are hereby notified that within ten days after being served with a copy of this recommendation that they may serve and file specific, written objections to the proposed findings and recommendations.  Further, either party may respond to another party's objections within ten days after being served with a copy thereof.  The parties are further informed that failure to timely file objections may constitute a waiver of any further right of appeal to the United States Court of Appeals.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

In accordance with the provisions of Rule 6(b) of the Federal Rules of Civil Procedure, the Court, in its discretion, may enlarge the period of time in which to file objections to the report.


                            s/Wallace Capel, Jr.
                            **WALLACE CAPEL, JR.**
                            **UNITED STATES MAGISTRATE JUDGE**

**Date:**   March 20, 2006

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

**CERTIFICATE OF SERVICE**

I hereby certify that on March 20, 2006, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Susan E. Wilkerson,

and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s):  Jesse White, and Kimberly White.

        s/James P. Peltier
        United States District Court
        Flint, Michigan 48502
        810-341-7850
        E-mail: pete_peltier@mied.uscourts.gov