UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSE WHITE and KIMBERLY
WHITE, husband and wife,

        Plaintiff,        Case No.: 4:05-CV-40018-FL
                              HON. PAUL V. GADOLA
vs.                               MAG. JUDGE WALLACE CAPEL, JR.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,

        Defendant.
_____/

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION**

The cause of action before the Court is on Plaintiffs' "Motion for Reconsideration Pursuant to 12 U.S.C. § 2601 et seq.," filed on July 21, 2006. Plaintiffs request this Court to reconsider its "Order Denying Plaintiffs' Motion for Stay of Judgment" issued on July 19, 2006.

Pursuant to Rule 7.1(g)(3) of the Local Rules for the Eastern District of Michigan, a motion for rehearing or reconsideration may be filed within ten days after the entry of the decision to which it objects. A motion for reconsideration which merely presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. Czajkowski v. Tindall & Assocs., P.C., 967 F. Supp. 951, 952 (E.D. Mich. 1997).

To that end, a party moving for reconsideration bears a heavy burden. Wrench LLC v. Taco Bell Corp., 36 F. Supp. 2d 787, 789 (W.D. Mich. 1998). In order to prevail, the movant must demonstrate that: (1) the court and the parties have been misled by a palpable defect, and (2) the correction of that defect will result in a different disposition of the case. E.D. Mich. R. 7.1(g)(3). A "palpable defect" is an error which is obvious, clear, unmistakable, manifest, or plain. Fleck v.

Titan Tire Corp., 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001); Mktg. Displays, Inc. v. Traffix Devices, Inc., 971 F. Supp. 262, 278 (E.D. Mich. 1997) (citation omitted).  As a general principle, motions for reconsideration are granted if the moving party demonstrates: (1) a clear error of law; (2) newly discovered evidence that was not previously available to the parties; or (3) an intervening change in controlling law. GenCorp., Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999).  Furthermore, "[m]otions for reconsideration do not allow the losing party to 'repeat arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier.'"  Owner-Operator Independent Drivers Ass'n, Inc. v. Arctic Express, Inc., 288 F. Supp.2d 895, 900 (S.D. Ohio, 2003) ( citation omitted).

On May 22, 2006, Plaintiffs filed a "Motion for Stay of Judgment," pursuant to Rule 62 of the Federal Rules of Civil Procedure, in which they petitioned the Court to stay a judgment that had been entered against them in the 36th District Court of the State of Michigan.  Having heard oral argument on this matter, and for the reasons stated on the record at the hearing held on July 18, 2006, the motion was denied in this Court's "Order Denying Plaintiffs' Motion for Stay of Judgment" issued on July 19, 2006.

Plaintiffs have not pled in their Motion for Reconsideration any facts that would demonstrate that the court and the parties, in determining whether to stay the judgment in the 36th District Court, were misled by any defects whatsoever.  Plaintiffs have also failed to show that correction of defects would have resulted in the Court granting Plaintiffs' Motion for Stay of Judgment.  Plaintiffs have pointed to no clear errors of law, there is no newly discovered evidence that was previously unavailable to the parties, and there has been no change in controlling law.  Furthermore, Plaintiffs are barred from repeating arguments that have already been adjudicated, as well as from raising new issues that should have been raised earlier.

Therefore, Plaintiffs' Motion for Reconsideration is hereby **DENIED.**

**IT IS SO ORDERED.**

The parties are hereby informed that any objections to this order must be filed with the district court within ten days after service, pursuant to Rule 72(a), Federal Rules of Civil Procedure.

                     s/ WALLACE CAPEL, JR.,  
                     **WALLACE CAPEL, JR**  
                     **UNITED STATES MAGISTRATE JUDGE**

**DATED:** July 28, 2006

### CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2006, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Susan E. Callagahan, Esq., and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Jesse White and Kimberly White, 1293 18th. St., Detroit, MI 48216

                     s/ James P. Peltier  
                     James P. Peltier  
                     Courtroom Deputy Clerk  
                     U.S. District Court  
                     600 Church St.  
                     Flint, MI 48502  
                     810-341-7850  
                     pete_peltier@mied.uscourts.gov